IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

TAMEKA N. WALKER ,                      )
                                        )
                    Plaintiff,          )
                                        )          CIVIL ACTION NO.   1:09cv596-WHA
vs.                                     )
                                        )                (WO)
MEGHANI MEDICAL P.C.,                   )
                                        )
                    Defendants.         )

**MEMORANDUM OPINION AND ORDER**

**I.  INTRODUCTION**

This cause is before the court on a Motion to Dismiss (Doc. #6), filed by the Defendant

on July 20, 2009.  The Plaintiff has brought claims for racial discrimination and harassment in

violation of Title VII of the Civil Rights Act of 1964, as amended (Count I), racial harassment

and discrimination in violation of 42 U.S.C. § 1981 (Count II), and negligent and/or wanton

supervision, training, and retention (Count III).

For reasons to be discussed, the Motion to Dismiss is due to be GRANTED in part and

DENIED in part.

**II.  MOTION TO DISMISS**

The court accepts the plaintiff's allegations as true, *Hishon v. King & Spalding*, 467 U.S.

69, 73 (1984), and construes the complaint in the plaintiff's favor, *Duke v. Cleland*, 5 F.3d 1399,

1402 (11th Cir.1993).  To survive a motion to dismiss, a complaint need not contain "detailed

factual allegations." *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S.Ct. 1955 (2007).  The

complaint must contain "only enough facts to state a claim to relief that is plausible on its face."

*Id.* at 1974.  The factual allegations  "must be enough to raise a right to relief above the

speculative level." *Id*. at 1965.  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle

[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do." *Id.* at 1964-65.

## III.  <u>FACTS</u>

The allegations of the Plaintiff's Complaint are as follows:

The Plaintiff, Tameka N. Walker ("Walker"), is an African-American woman who was

employed by the Defendant, Meghani Medical, P.C.  ("Meghani Medical").  Walker alleges that

during her employment she was referred to in a derogatory manner as a "big black woman," by

her supervisor.   She also alleges that her supervisor used racial epithets in Walker's presence

and made derogatory comments about the race of Walker's relatives.  Walker also alleges that

she was terminated from her employment on the basis of race, and replaced by a white woman.

## IV.  <u>DISCUSSION</u>

Meghani Medical contends that Count I of the Complaint has been filed outside of the

ninety day period during which Title VII suits must be filed.  In her response, the Plaintiff states

that she voluntarily dismisses the Title VII claims as set out in Count I of the Complaint.  The

Motion to Dismiss is, therefore, due to be GRANTED as to Count I.

With respect to the harassment claim in Count II, Meghani Medical contends that the

allegations of the Complaint are of comments and insults which are not sufficiently severe and

pervasive to sustain a hostile work environment claim.  Meghani Medical argues that reference

to a big black woman is not discriminatory, and that the other allegations consist of a racial

epithet, not directed to the plaintiff, and other comments not directed to the plaintiff, nor even

alleged to have occurred at work.  The court concludes, however, that allegations of derogatory

comments directed only at Walker and not white employees on numerous occasions, Complaint at ¶ 10; derogatory references to the Plaintiff, in her presence, which continued throughout her employment, *Id.* at ¶ 11; and allegations of other race-based comments is sufficient to survive the motion to dismiss standard. Of course, whether the evidence ultimately will support a claim of racial harassment can be evaluated in the context of a properly-filed motion for summary judgment.

In her response to the Motion to Dismiss, Walker points out that Meghani Medical does not address the termination claim alleged in Count II. Meghani Medical replies that it is violation of Rule 10(b) the Rules of Civil Procedure for Walker to have failed to have set forth her claims for relief in separate counts, citing *Anderson v. District Bd. of Trustees of Cent. Fla.*, 77 F.3d 364, 366 (11th Cir. 1996). Rule 10(b) states that each claim must be stated in a separate count if "doing so would promote clarity."

While Walker could have put the allegations of discrimination and harassment in separate counts, Walker chose instead to put termination and harassment together in two different counts based upon the statute under which the claims were brought. As discussed earlier, Count I, which contains the claims of discrimination and harassment under Title VII, is due to be dismissed. The court cannot conclude the allegations of discrimination in the form of termination on the basis of race and harassment in the form of derogatory comments in Count II, which are asserted pursuant to § 1981, make it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson*, 77 F.3d at 366. Instead, Walker has alleged that her termination was discrimination and that she suffered racial harassment in violation of § 1981. The court concludes, therefore, that Count II is not due to be

dismissed, nor should Walker be required to make a more definite statement of those claims.

Finally, Meghani Medical moves to either dismiss the negligent and/or wanton supervision, training, and retention claims alleged in Count III, or to require a more definite statement of those claims, stating that each theory of relief should be stated in a separate cause of action. The court cannot conclude that Count III is due to be dismissed, and concludes that, as pled, the count is sufficiently clear to put Meghani Medical on notice of the claims so as not to warrant a more definite statement. The basis of these claims can be explored in discovery, and evaluated in the context of a properly-filed motion for summary judgment.

## V.  CONCLUSION

For the reasons discussed, the Motion to Dismiss is due to be and is hereby GRANTED as to Count I, and DENIED in all other respects.

The case will proceed on the Plaintiff's discrimination and harassment claims under § 1981 as alleged in Count II and her state law claims in Count III.

Done this 19th day of August, 2009.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE